UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SAVOY PLAZA SOUTH                                      CIVIL ACTION
APARTMENTS, LLC, ET AL.

VERSUS                                                NO. 17-3-SDD-EWD

HOUSTON SPECIALTY
INSURANCE COMPANY, ET AL.

## REPORT AND RECOMMENDATION

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 24, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SAVOY PLAZA SOUTH                                        CIVIL ACTION
APARTMENTS, LLC, ET AL.

VERSUS                                                  NO. 17-3-SDD-EWD

HOUSTON SPECIALTY
INSURANCE COMPANY, ET AL.

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand[1] filed by Plaintiffs, Savoy Plaza South Apartments, LLC ("Savoy") and Ole London Towne, LLC ("OLT") (collectively "Plaintiffs"). The Motion to Remand is not opposed by defendant Houston Specialty Insurance Company ("HSIC").[2] For the reasons set forth herein, it is the recommendation[3] of the undersigned that the Motion to Remand[4] be **GRANTED** and this matter be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

### I.    Background

On July 20, 2016, Plaintiffs filed suit against HSIC, Engle Martin & Associates, Inc. ("EMA"), Stratus Claims Management, L.L.C. ("Stratus"), and Stephen Beene (collectively, "Defendants") in the 19th Judicial District Court for the East Baton Rouge Parish, State of Louisiana, asserting causes of action relating to four separate property insurance claims for fire

---

[1] R. Doc. 5.

[2] R. Doc. 6.

[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review." *Davidson v. Georgia-Pacific, LLC,* 819 F.3d 758, 765 (5th Cir. 2016).

[4] R. Doc. 5.

losses occurring at two Baton Rouge, Louisiana apartment complexes.[5]  On January 3, 2017, HSIC filed a Notice of Removal asserting federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[6]

Plaintiffs filed a Motion to Remand on February 2, 2017, arguing, *inter alia*, that the Notice of Removal filed by HSIC is procedurally defective in that it fails to properly allege the citizenship of OLT, a Louisiana limited liability company.[7]  Plaintiffs contend that HSIC failed to properly list all members of OLT and further failed to trace the citizenship of the "multiple layers" of OLT's members and their citizenship.[8]  Plaintiffs further assert that when the citizenship of all members of OLT is considered, complete diversity between the parties does not exist.[9]  In response, HSIC "does not oppose remand of the matter…for the express (and limited) purpose of conducting targeted discovery regarding the identity and citizenship of OLT's and Savoy's members…."[10]

## II.      Law and Analysis

### A.  Legal Standards

Federal courts are courts of limited jurisdiction and may only entertain suits when jurisdiction is authorized by the Constitution or by statute. *Exxon Mobil Corp. v. Allapattah*

---

[5] R. Doc. 1-4, pp. 15-17. Plaintiffs allege that: (1) "[o]n or about November 28, 2013 and December 13, 2013, a fire substantially damaged and/or destroyed certain residential apartment units…located in Ole London Towne complex;" (2) "on or about July 24, 2015, a fire substantially damages/destroyed unit number 483 in the Ole London Towne complex…;" and (3) "[o]n or about July 22, 2014, a fire substantially damaged and/or destroyed at least 72 units located within the Savoy Plaza apartment complex, as well as common and other areas of the facility."  R. Doc. 1-4, pp. 16-17, ¶¶ 8, 9, & 11.

[6] R. Doc. 1, ¶ 8.

[7] R. Doc. 5.  Plaintiffs also allege that the Notice of Removal is untimely and that HSIC has failed to sustain its burden of proof regarding the alleged improper joinder of co-defendants, EMA, Stratus, and Beene.  Because the undersigned recommends remand based on HSIC's failure to sustain its burden of establishing this court's subject matter jurisdiction, the undersigned does not reach Plaintiff's arguments regarding timeliness or improper joinder.

[8] R. Doc. 5-1, p. 4.

[9] *See*, R. Doc. 5-1, p. 4-5.

[10] R. Doc. 6, ¶ 4.

*Services, Inc.*, 545 U.S. 546, 553 (2005).  A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Removal is proper under 28 U.S.C. §1332(a) if the cause of action is between "citizens of different States" and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)-(a)(1).  The statute requires complete diversity of citizenship; a federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants.  *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992).

    In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.  *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).  Remand is proper if at any time the court lacks subject matter jurisdiction.  *See*, 28 U.S.C. § 1447(c).  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.  *Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 281-82 (5th Cir. 2007).

## B.  HSIC Has Not Carried Its Burden of Establishing Complete Diversity

    The citizenship of a limited liability company or other unincorporated association is determined by considering the citizenship of all its members.  *See, Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008).  To properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c).  The same requirement applies to any member of a limited liability company which is also a limited liability company.  *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holdings, Ltd.*, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be trace through however many layers of

members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citations omitted).

"The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1259 (5th Cir. 1988).   In its Notice of Removal, HSIC contends that "EMA, Strata,[11] and Beene were improperly joined as defendants in this action" and therefore "their citizenship should be disregarded for jurisdictional purposes."[12]  HSIC alleges that HSIC "is an insurance company incorporated in the State of Delaware with its principal place of business in Texas.  HSIC is thus a citizen of Delaware and Texas for diversity jurisdiction purposes."[13]  With regard to Savoy, HSIC alleges that Savoy's "sole member is Alexis V. Lewis – a citizen of Louisiana.  Accordingly, [Savoy] is a citizen of Louisiana for diversity purposes."[14]  Finally, with regard to OLT, HSIC alleges that "Plaintiff Ole London Towne, LLC members are Dr. James R. Hatcher, Dr. David Nussbaumer, III, and John W. Radford – all of whom are citizens of Louisiana. Accordingly, [OLT] is a citizen of Louisiana for diversity jurisdiction purposes."[15]

In support of the Motion to Remand, Plaintiffs assert that OLT has many "at least twenty (20) members, including eight (8) trusts, three (3) limited liability companies, and one (1) limited partnership, the citizenships of which Defendant has failed to address and trace."[16]  Plaintiffs

---

[11] HSIC contends that "Stratus Claims Management, LLC" was incorrectly named and that the correct name of this party is "Strata Claims Management, LLC."  R. Doc. 1, ¶ 1.

[12] R. Doc. 1, ¶ 15.

[13] R. Doc. 1, ¶ 11.  A corporation is a citizen of its place of incorporation and its principal place of business.  *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1259 (5th Cir. 1988).

[14] R. Doc. 1, ¶ 9.  With regard to individuals, the Fifth Circuit has explained that "[f]or diversity purposes, citizenship means domicile; mere residence in the state is not sufficient."  *Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).

[15] R. Doc. 1, ¶ 10.

[16] R. Doc. 5-1, p. 4.  In support of the Motion to Remand, Plaintiffs attach the Declaration of Alex Lewis, who explains he is "an Owner/Managing Member of Patrician Management, LLC, a Louisiana limited liability [company], which

additionally assert that "[a]t least two of these trusts…have beneficiaries who are citizens of Texas, which is also the citizenship of Removing Defendant, HSIC. Thus, complete diversity does not exist…."[17]  Further, Plaintiffs assert that HSIC failed to trace the citizenship of OLT's three members who are also limited liability companies as well as the citizenship of OLT's limited partnership member, which Plaintiffs assert is non-diverse from EMA.[18]

"When jurisdiction is based on diversity, we adhere strictly to the rule that citizenship of the parties must be 'distinctly and affirmatively alleged.'"  *Mullins v. Testamerica, Inc.,* 300 Fed. Appx. 259, 259 (5th Cir. 2008) (quoting *Getty Oil, a Div. of Texaco v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1259 (5th Cir. 1988)).  As the party seeking to invoke federal diversity jurisdiction, HSIC bears the burden of establishing both that the parties are diverse.  *Garcia v. Koch Oil Co. of Tex. Inc.,* 351 F. 3d 636, 638 (5th Cir. 2003).  The citizenship of OLT, a limited liability company, is determined by the citizenship of its members.  *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008).  As noted above, in response to the Motion to Remand, HSIC does not question Plaintiffs' statements regarding OLT's citizenship; instead, HSIC "does not oppose remand of this matter… for the express (and limited) purpose of conducting" discovery regarding Plaintiffs' citizenship.[19]  In light of HSIC's response to the Motion to Remand, the undersigned finds that HSIC has not met its burden of establishing complete diversity of the parties for purposes of federal subject matter jurisdiction.

---

manages Ole London Towne, LLC…." R. Doc. 5-2, ¶ 2.  Attached to Mr. Lewis' Declaration is a "Second Amendment to Operating Agreement of Ole London Towne, LLC" which Mr. Lewis asserts "accurately identifies the current members of Ole London Towne, LLC" subject to certain exceptions set out in the Declaration based on recent deaths of OLT members.  R. Doc. 5-2, ¶ 4.

[17] R. Doc. 5-1, p. 4.

[18] R. Doc. 5-1, p. 4-5.  As noted above, the undersigned does not reach the issue of whether EMA was improperly joined.

[19] R. Doc. 6, ¶ 4.

### III.     Conclusion

For the reasons set forth herein, the undersigned **RECOMMENDS** that the Motion to Remand[20] be **GRANTED** and this matter **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.[21]

Signed in Baton Rouge, Louisiana, on March 24, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[20] R. Doc. 5.

[21] The undersigned makes no determination here regarding proceedings following remand and specifically does not rule on HSIC's apparent request that, following remand to state court, discovery be limited to "the identity and citizenship" of Plaintiffs.